IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     1:25-CR-00485 (AMN) |
| | ) | |
| **v.** | ) | **Plea Agreement** |
| | ) | |
| **DAVID DION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and defendant **David Dion** (hereinafter "the defendant"), by and through the defendant's counsel of record, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

1)     **The Defendant's Obligations:**

a) **Guilty Plea:** The defendant will waive indictment and plead guilty to Counts 1 - 6 of the information in Case No. 1:25-CR-052(AMN) charging distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) [Count 1], and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) [Counts 2 to 6].

b) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013. The defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $600, payable to the U.S. District Court, at the time of sentencing.

c) **Restitution:** The minors depicted in the images and/or videos involved in the defendant's criminal activity, along with any and all relevant conduct, are victims of his offenses, whether or not those minors are named in the information or identified in the factual basis of the defendant's guilty plea. This includes all minors depicted in the child pornography

that the defendant distributed, received, and/or possessed. The defendant therefore consents to an order pursuant to 18 U.S.C. §§ 2259(a) and (b)(2) and 3663(a)(1)(A) and (a)(3) directing him to pay restitution to those victims. The Court shall determine the full amount of the victims' losses that were incurred or are reasonably projected to be incurred by the victims as a result of the trafficking in child pornography depicting the victims, and order restitution in an amount as agreed to by the parties or determined by the Court that reflects the defendant's relative role in the causal process that underlies the victims losses, but which is no less than $3,000 per victim. 18 U.S.C. § 2259 (b)(2)(A) and (B).

The "full amount of the victims' losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victims, as a proximate result of the offenses involving the victims, including: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victims. 18 U.S.C. § 2259(c)(2)(A)-(F).

The defendant agrees that the judgment shall order restitution to be due and payable immediately subject to any payment terms set forth by the Court at sentencing and that the Clerk of the Court may release funds to victims without undue delay upon receipt of restitution payments from the defendant.

d) **Child Pornography Assessment.** Pursuant to 18 U.S.C. § 2259A(a), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess not more than $35,000 on Count 1 for the defendant's conviction for trafficking in child pornography (as defined in 18 U.S.C. § 2259(c)(3)), and not more than $17,000 on

2

Count 2 for the defendant's conviction under section 2252A(a)(5)(B) (possession of child pornography). In determining the amount of the assessment, the court shall consider the factors set forth in sections 3553(a) and 3572 of Title 18, and imposition of such assessment does not relieve a defendant of or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. 18 U.S.C. §§ 2259A(c) and (d).

e) **Additional Special Assessment:** In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000, pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

f) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely manner with all of the terms of this plea agreement.

g) **Forfeiture:** Pursuant to 18 U.S.C. § 2253(a)(3), the defendant will consent to entry of an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the information described above, as more fully set out below:

(1) A Samsung Galaxy S22 Ultra Cell Phone bearing IMEI number 354214980068786;

(2) A Samsung Galaxy S23 Ultra Cell Phone bearing IMEI number 35136439528887;

(3) A Seagate SRDONF2 External Hard Drive bearing serial number NAAA5AS;

(4) A Seagate SRDOPVl External Hard Drive bearing serial number NA9QL5TP;

(5) A Seagate SRDOOF2 External Hard Drive bearing serial number NA7HV2WQ; and

(6) A Seagate SRDOOVN3 External Hard Drive bearing serial number NABR6PQF.

h) **Court Ordered Destruction of Seized Evidence**: The defendant agrees to enter a stipulation and proposed order consenting to the destruction of the following item:

(1) An ASUS GA539 Laptop bearing serial number MCNRKD00969448D.

The defendant agrees that by such stipulation he waives (gives up) any claim to recover ownership or possession of the items. The defendant agrees to execute a separate stipulation, to be entered as an order of the court, to effectuate this provision.

i) **Access to Records:** The defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information provided by the defendant to the U.S. Probation Office, including those provided as a part of the Presentence Investigation. If requested, the defendant will provide any privacy waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the defendant's financial disclosures, and if requested will complete a further financial statement provided by the U.S. Attorney's Office as well as any supporting financial documentation and return it to the Asset Recovery Unit of the U.S. Attorney's Office no later than 10 days after receiving such a request.

2) **<u>The Government's Obligations:</u>**

a) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the information in Case No 1:25-CR-485 (AMN) and/or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement. This agreement does not prevent the government from seeking charges based on other conduct, such as a violation of Title 18, United States Code, Section 2251(a).

b) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3) **<u>Potential Maximum Penalties:</u>** The defendant understands that the Court can impose the following maximum penalties for the offenses to which the defendant agrees to plead guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

a) <u>Distribution of Child Pornography [Count 1]</u>

    (1) **Maximum term of imprisonment:** 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

    (2) **Mandatory minimum term of imprisonment:** 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

b) <u>Possession of Child Pornography [Counts 2 to 6]</u>

    (1) **Maximum term of imprisonment:** 20 years, pursuant to 18 U.S.C. § 2252A(b)(2).

c) <u>All Counts</u>

    (1) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571(b).

    (2) **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583(k). A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

    (3) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes, the defendant also must register in New York

as a result of this conviction, even if the defendant resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

(4) **Other adverse consequences:** Other adverse consequences may result from the defendant's guilty plea as further described in paragraph F below.

4) **Elements of Offense:** The defendant understands that the following are the elements of the offenses to which the defendant agrees to plead guilty. The defendant admits that the defendant's conduct satisfies each and every one of these elements.

a) Distribution of Child Pornography [Count 1]

(1) *First*, that the defendant knowingly distributed a visual depiction;

(2) *Second*, the visual depiction was distributed using any means or facility of interstate or foreign commerce, or shipped or transported in or affecting such commerce by any means, including by computer;

(3) *Third,* the visual depiction was child pornography; and

(4) *Fourth*, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct.

b) Possession of Child Pornography [Counts 2 to 6]

(1) *First*, the defendant knowingly possessed material that contains one or more visual depictions that are child pornography;

(2) *Second*, the visual depictions had been mailed or shipped or transported using a means or facility of interstate commerce or foreign commerce, or in or affecting such commerce by any means including by computer, or were produced using materials that

6

had been shipped or transported in and affecting such commerce by any means including by computer; and

(3) *Third*, the defendant knew of the sexually explicit nature of the visual depictions and that the visual depictions were of an actual minor or minors engaged in sexually explicit conduct.

(4) *Fourth,* one or more images of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

5) **Factual Basis for Guilty Plea:** The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offense to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to that offense:

a) Between on or about July 2, 2023, and February 24, 2024, the defendant, while located in Washington County, New York, used his Samsung Galaxy S23 Ultra Cell Phone bearing IMEI number 35136439528887, manufactured in Vietnam ("Samsung S23"), with call number XXX-XXX-3542, to access the Internet, and to distribute and attempt to distribute, images and videos depicting actual minors engaged in sexually explicit conduct, including images of pre-pubescent children.

b) Between July 2023 and January 27, 2024, the defendant communicated via an encrypted chat messenger on the Samsung S23, with Person-F to distribute images of child pornography and child erotica in exchange for Person-F sending to the defendant images of children, including sexually suggestive images of children or child erotica, from which the defendant derived sexual pleasure. For example, on September 26, 2023, the defendant sent a message to Person-F, stating, in relevant part, "keep your eyes peeled for any hot little ass and take photos, send on messenger." Between September 26, and November 6,

2023, the defendant and Person-F exchanged numerous images of minors, including images derived from the internet of minors dancing, in bikinis, and in sexually suggestive poses.

c) Later, on November 6, 2023, in a chat with Person-F the defendant distributed to Person-F a video file titled "part4515581534788374652.mms," which is approximately two minutes and nine seconds in length and depicts two unclothed eight-to-ten-year-old girls dancing and rubbing their genitals in a lewd and lascivious manner. The camera is focused on their genitals and buttocks. Similarly, on November 7, 2023, in a chat with Person-F, the defendant distributed to Person-F at least 17 video files, including videos depicting eight-to-twelve-year-old girls unclothed with their genitals exposed in lewd and lascivious positions.

d) On February 28, 2024, investigators searched the defendant's residence in Washington County, New York, where agents found the defendant and electronic devices he used to download and store child pornography, including (i) the Samsung S23; (ii) a Samsung Galaxy S22 Ultra Cell Phone bearing IMEI number 354214980068786, manufactured in Vietnam; (iii) a Seagate SRDONF2 External Hard Drive bearing serial number NAAA5AS, manufactured in Thailand; (iv) a Seagate SRD0PVl External Hard Drive bearing serial number NA9QL5TP, manufactured in Thailand; and (v) a Seagate SRD00VN3 External Hard Drive bearing serial number NABR6PQF, manufactured in Thailand; (vi) a Seagate SRD00F2 External Hard Drive bearing serial number NA7HV2WQ, manufactured in Thailand (collectively, with the Samsung S23, the "Devices").

e) The defendant possessed images and videos depicting child pornography on each of the Devices, as described below.

(1) On the Samsung Galaxy S22 Ultra Cell Phone bearing IMEI number 354214980068786, the defendant knowingly possessed approximately 197 images and 3 videos depicting child pornography, including:

   (a) An image with an MD5 Hash Value ending "56a66" that depicts an unclothed 6–8-year-old girl lying on her back with her legs spread and her bare vagina exposed. An adult male is depicted unclothed standing over the child with an erect penis.

   b) An image with an MD5 Hash Value ending "ae1877" that depicts a 6-8-year-old girl lying on her back, blindfolded with a collar around her neck, and her wrists bound to her ankles by restraints. An adult male is depicted inserting his penis into the vagina of the child.

(2) On the Seagate SRDONF2 External Hard Drive bearing serial number NAAA5AS, the defendant knowingly possessed approximately 1,793 images and 361 videos of child pornography, including:

   a) An image with a file name ending "16750," that depicts a 5–7-year-old girl without any clothes below her waist sitting upright with her legs spread and exposing her vagina, with the focus of the image on the minor's vagina.

   b) A video with MD5 Hash Value ending "40954" that lasts approximately 24 minutes and 45 seconds long. The video depicts an adult male inserting his penis into the vagina of a 7- 9-year-old girl, inserting his penis into the mouth of the child and ejaculating into the mouth of the child.

9

(3) On the Seagate SRD0PVl External Hard Drive bearing serial number NA9QL5TP the defendant knowingly possessed more than 59,000 images of child pornography, including:

a) A video file with an MD5 hash value ending "EE4D207" lasting about 2 minutes and 10 seconds and depicting an unclothed girl of about 4-6 years old. An adult male is depicted forcibly inserting his penis into the anus of the child throughout the duration of the video.

b) A video file with an MD5 hash value ending "D1BD1," lasting about 2 minutes and 31 seconds in length depicting an unclothed female child approximately 3-5 years of age. The child is lying on her back while an adult male forcibly inserts the tip of his penis into the vagina of the child. Throughout the duration off the video the adult male continues to insert the tip of his penis in the child's vagina until he ejaculates.

(4) On the Seagate SRD00F2 External Hard Drive bearing serial number NA7HV2WQ, the defendant knowingly possessed more than 77,000 images of child pornography, including morphed images of child pornography that he produced by using non-pornographic images of known children and superimposing the faces of those children onto other images of child pornography that he found on the Internet to create an adapted or modified depiction of an identifiable minor, including:

a) In a folder labeled with the nickname for Victim-1, a child whose identity is known to the defendant and law enforcement, are two images with MD5 Hash values ending "F677B7B" and "6BF1686" respectively, depicting the face of Victim-1, a six-year-old girl, superimposed on the images of two nude 6- to 8-year-old girls.

Each image has the face of Victim-1 on a nude girl's body spreading her legs with the vagina exposed in a lewd and lascivious manner.

b) In a folder labeled with the nickname for Victim-2, a child whose identity is known to the defendant and law enforcement, are two images with MD5 Hash values ending "333E64A" and "6624261" respectively, depicting the face of Victim-2, an eight-year-old girl, superimposed on the images of the nude body of a 6- to 8-year-old girl. In each photo the naked girl is spreading her legs with the vagina exposed in a lewd and lascivious manner and Victim-2's face is superimposed on the image.

c) In a folder labeled with the nickname for Victim-3, a child whose identity is known to the defendant and law enforcement, are six images in which the face of Victim-3, an 8-year-old girl, was superimposed onto the images of child pornography involving other minor children between 6 to 12 years old. One photo, with MD5 Hash value ending "AFFFCE," depicts Victim 3's face superimposed on an image depicting a 6- to 8-year-old girl lying naked on her back with her vagina and anus exposed in a lewd and lascivious manner.

d) In a folder labeled with the nickname for Victim-4, a child whose identity is known to the defendant and law enforcement, is one image, with MD5 Hash value ending "BC101A," in which the face of Victim-4, an eight-year-old girl, is superimposed onto the image of a 6–8-year-old girl. In the photo the child is lying naked on her back, with her legs spread apart exposing her vagina in a lewd and lascivious manner.

e) In a folder labeled with the nickname for Victim-5, a child whose identity is known to the defendant and law enforcement, are three images in which the face of Victim-

5, a 7-year-old girl, is superimposed onto the image of a 6–8-year-old girl depicting child pornography. One photo, with MD5 Hash value ending "BF1686," depicts the face of Victim-5 superimposed on the nude body of a 6–8-year-old minor, with her legs spread apart exposing her vagina in a lewd and lascivious manner.

f) In a folder labeled with the nickname for Victim-6, a child whose identity is known to the defendant and law enforcement, are three images, in which the face of Victim-6, an eight-year-old girl, is superimposed onto the image of a 6–8-year-old girl depicting child pornography. One photo with an MD5 Hash value E666F4FDC36DCA1FC7D84A336624261, depicts the face of Victim-6 superimposed on the nude body of a 6-8-year-old minor, with her legs spread apart exposing her vagina in a lewd and lascivious manner.

g) Morphed images involving the faces of at least four other minors superimposed on sexually explicit images of other children were found on the Seagate SRD00F2 External Hard Drive bearing serial number NA7HV2WQ and the Seagate SRDOPV1 External Hard Drive bearing serial number NA9QL5TP, but law enforcement has not yet been able to identify them. The images of each of these additional children were saved to folders bearing first names or nicknames.

(5) On the Seagate SRD00VN3 External Hard Drive bearing serial number NABR6PQF, the defendant knowingly possessed approximately 179 images of child pornography and 181 videos, including:

a) A video file with an MD5 hash value ending "11D12" lasting about 33 seconds that depicts an unclothed 5-to-7-year-old girl sitting on a couch while an adult male

12

forcibly inserts his penis into the child's mouth and then ejaculates into the child's mouth. The child appears distressed and is choking throughout the video.

b) An image file with an MD5 hash value ending "FA464" that depicts a 10-to-12-year-old girl. The minor is unclothed, bound by the wrists with a rope, her hands are suspended above her head and her vagina is exposed. A foreign object is inserted into the minor's vagina.

f) As he admitted to law enforcement when questioned in February 2024, the defendant previously used the Internet, including via the dark web, to download files depicting child pornography, and after downloading the files, he copied the files onto these separate hard drives for storage and later use.

g) The defendant used the property described in the Forfeiture Allegation in the information to facilitate the offense of conviction, in that the defendant, the owner of that property, used that property to distribute, and/or possess child pornography as charged in the Information.

6) **<u>Sentencing Stipulations</u>:**

a) The parties agree that the base offense level is 22, pursuant to U.S.S.G. § 2G2.2(a)(2).

b) The parties agree that the offense involved a prepubescent minor or a minor who had not attained the age of 12 years, resulting in a 2-level increase pursuant to U.S.S.G. § 2G2.2(b)(2).

c) The offense involved sadistic or masochistic conduct or other depictions of violence and/or sexual abuse or exploitation of an infant or toddler, resulting in a 4-level increase to the applicable sentencing guideline pursuant to U.S.S.G. § 2G2.2(b)(4).

d) The parties agree that the offense involved the use of a computer, resulting in a 2-level increase, pursuant to U.S.S.G. § 2G2.2(b)(6).

e) The parties agree that offense involved 600 or more images, resulting in a 5-level increase, pursuant to U.S.S.G. § 2G2.2(b)(7).

f) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

g) The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

h) The parties reserve their rights as to the applicability of any other sentencing guideline, including the applicability of any specific offense characteristic under U.S.S.G. § 2G2.2(b)(3).

7)    **<u>Waiver of Rights to Appeal and Collateral Attack:</u>** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following:

a) The conviction resulting from the defendant's guilty plea;

b) Any term of imprisonment of 180 months or less;

c) Any sentence to a fine within the maximum permitted by statute;

d) Any sentence to a term of supervised release within the maximum permitted by statute;

e) Any condition of supervised release on any ground (including procedural or substantive unreasonableness) that the defendant did not raise in the District Court despite both (i) notice in the presentence investigation report that the Probation Office had recommended the condition and (ii) an opportunity to object in the District Court;

f) Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement; and

g) Any special assessment permitted by statute.

Nothing in this appeal waiver is meant to be or should be construed as a representation of or agreement concerning the appropriate sentence in this case. The Government and the defendant agree that this waiver applies regardless of whether any term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. If the court imposes a term of imprisonment at or below the number of months specified above, the defendant's waiver of appeal and/or collateral attack includes any claim of procedural or substantive error in the determination or imposition of the term of imprisonment. If the court imposes a term of supervised release and/or a fine within the maximum permitted by statute, the

15

defendant's waiver of appeal and/or collateral attack includes any claim of procedural or substantive error in the determination or imposition of the term of supervised release and/or fine. The defendant further waives the right to raise on appeal or on collateral review any claim that (a) the statute(s) to which the defendant is pleading guilty is(are) unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s). The defendant does not waive the right to raise a claim of ineffective assistance of counsel in an appeal or collateral attack on his conviction and sentence.

---

A. **<u>Right to Counsel:</u>** The defendant has the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding. Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

B. **<u>Waiver of Trial-Related Rights:</u>** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **<u>Court Not Bound by Plea Agreement:</u>** This plea agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement permitting the

defendant to plead guilty to certain charges in satisfaction of other charges, the Court will permit the defendant to withdraw the plea of guilty before sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **Court Not Bound by Agreed-Upon Recommendations, Stipulations, and Requests:** If this agreement contains any provisions under Fed. R. Crim. P. 11(c)(1)(B) by which the government agrees to recommend, stipulates, or agrees not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the federal sentencing guidelines, or a policy statement, or sentencing factor does or does not apply, such a recommendation, stipulation, or request does not bind the Court, which may make independent factual findings by a preponderance of the evidence and may reject such recommendations, requests, and stipulations between the parties. If the Court rejects one or more recommendations, stipulations, or requests, the defendant is not entitled to withdraw the defendant's plea of guilty and is not released from the obligations described in this agreement. Under such circumstances, the government reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations, stipulations, or requests set out in this agreement.

E. **Sentencing:**

a. **Maximum terms of imprisonment:** The defendant understands that the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement. If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from

17

those charges run consecutively to each other.  Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively.  *See* 18 U.S.C. § 3584.

b. **Mandatory minimum terms of imprisonment:**  If specified in this agreement, the conviction on one or more charges to which the defendant has agreed to plead guilty may require imposition of a mandatory minimum term of imprisonment.  In such cases, the court must impose a term of imprisonment no less than the required mandatory minimum term unless an exception to that requirement applies.  Such exception may be dependent on a motion by the government.

c. **Section 851 Enhancements**: The defendant understands that if the government has filed an information against the defendant as provided in 21 U.S.C. § 851, alleging that the defendant has one or more final convictions for a felony drug offense, and, as part of this agreement, the defendant has admitted and/or affirmed that the defendant was so convicted, then, by pleading guilty, the defendant will lose the right to attack any sentence the court imposes by challenging  any  such  prior conviction.

d. **Sentencing guidelines:**

   i. The actual sentence to be imposed upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder.  While the Court is not bound to impose a sentence within the applicable sentencing guidelines range, it must take into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

ii. Any estimate of the defendant's offense level, criminal history category, and sentencing guidelines range provided before sentencing is preliminary and is not binding on the parties to this agreement, the Probation Office, or the Court. Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the defendant's criminal history category and, in some cases, the defendant's offense level.

iii. Under certain circumstances, the defendant's criminal history may affect the defendant's offense level under the federal sentencing guidelines. If the presentence investigation reveals that the defendant's criminal history may support an offense level different than an offense level stipulated in this agreement, the parties are not bound by any such stipulation as to the defendant's offense level and may advocate with respect to how the defendant's criminal history affects the offense level.

e. **Factual findings:** The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

f. **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement, during the guilty plea, to the Probation Office, and at sentencing when imposing sentence. In addition the government may be able to use the defendant's statements in this agreement

and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding. For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution. If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement. To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

g. **Government's Discretion to Recommend a Sentence:** Unless a stipulation in this agreement explicitly limits the government's discretion with respect to its recommendations at sentencing, this agreement does not prevent the government from urging the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies; from recommending a specific sentence within the applicable guidelines range as determined by the Court or as urged by the government; or, if the government deems appropriate, recommending that the Court impose a sentence above the applicable guidelines range.

h. **Sentencing-Related Information:** The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8. No

stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report. The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

i. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

F. **<u>Other Adverse Consequences:</u>** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

a. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b. If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. If the defendant is a naturalized citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States. Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as

21

defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction resulting from this agreement on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c. A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

There may be other adverse consequences as well, some of them unforeseeable. It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty plea. The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea described in this agreement or otherwise challenging the resulting conviction and sentence.

G. **<u>Restitution:</u>** Independent of any agreement to pay restitution, and whether there is any such agreement, the sentencing Court may be required to order that the defendant pay restitution to any victim of the offense(s) of conviction under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. In addition, the sentencing Court may have the authority to order that the defendant pay restitution to any victim of the offense(s) of conviction pursuant to 18 U.S.C. §§ 3663 & 3664. In any case involving a conviction for a sexual exploitation offense in chapter 110 of title 18 of the United States Code, the Court must order restitution for the full amount

22

of the victim's losses as determined by the court. The victim's losses include, but are not limited to medical services related to physical, psychiatric, or psychological care; physical or occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees and other costs; and any other losses suffered by the victim as a proximate result of the offense. The restitution payment will be in addition to any other civil or criminal penalty authorized by law.

H. **Forfeiture:** If the defendant has agreed to forfeiture of assets, the defendant agrees to the following terms and conditions:

a. The defendant hereby forfeits, to the United States, all right, title, and interest of any nature in any and all assets that are subject to forfeiture, including substitute assets, as set forth above, whether those assets are in the possession or control of the defendant, a nominee, or some other third party.

b. The defendant consents to the entry of an order of forfeiture of the assets described above.

c. The defendant is aware that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to a given defendant at sentencing or at any time before sentencing if the defendant consents. The defendant consents that the preliminary order of forfeiture in this case shall become final as to the defendant before sentencing, as of the date the preliminary order of forfeiture is entered by the Court. The defendant understands that the government, upon entry of the preliminary order of forfeiture, will address any potential third party claims pursuant to Rule 32.2(c), and seek to finalize forfeiture.

d. Forfeiture of the defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other monetary penalty that the Court may impose upon the defendant in addition to

forfeiture. Satisfaction of all, or any portion of, any restitution, fine, or other penalty that the Court may impose upon the defendant in addition to forfeiture will not satisfy all, or any portion of, any forfeiture judgment ordered by the Court.

e. In the event that any successful claim is made, by any third party, to the assets described above, the defendant agrees to forfeit substitute assets equal in value to the assets transferred to any such third party. The defendant agrees that forfeiture of substitute assets shall not be deemed an alteration of the Defendant's sentence.

f. The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

g. The defendant waives the right to a jury trial on the forfeiture of assets. The defendant waives all constitutional, legal, and equitable defenses to the forfeiture of assets, as provided by this agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

h. The defendant acknowledges that the government may institute civil or administrative proceedings against any or all of the defendant's forfeitable assets, including, but not limited to substitute assets and any forfeitable assets not identified by the defendant, and agrees not to contest any such forfeiture proceedings.

i. The defendant represents and warrants that the defendant has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this plea agreement, other than those listed above.

j. In the event the government determines that the defendant has breached any condition of this plea agreement, none of the forfeited property shall be returned to the defendant, nor shall the defendant assert any claim to the forfeited property. The defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends, or associates.

**I. Determination of Financial Condition and Payment of Interest and Penalties:**

a. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

b. The defendant will promptly submit a complete, accurate, and truthful financial statement to the United States Attorney's Office, in a form it provides and as it directs.

c. The defendant authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d. Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the defendant's sentence, from as early as the date of sentencing.

**J. Remedies for Breach:**

a. Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition

of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part. In the event of such breach, the defendant will remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under this agreement. The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

b. If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

   i. To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement. The defendant waives (gives up) any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

   ii. In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

iii. To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

iv. To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

v. To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

vi. To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

vii. To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

K. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant. References to "the government" in this agreement refer only to that Office. This agreement does not bind any other federal, state, or local prosecuting authorities. Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

L. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below. No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

M. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions. The defendant further acknowledges that the defendant's agreement to plead guilty is voluntary and did not result from any force, threat, or promises (other than the promises in this plea agreement and any written supplemental agreements or amendments).

CARLA B. FREEDMAN
United States Attorney

Alexander Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897

February 5, 2025
Date

David Dion
Defendant

January 30 2025
Date

Eric Schillinger
Attorney for Defendant
Bar Roll No. 516083

1/30/2025
Date

28