IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:25-CR-00052-AMN |
| | ) | |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| | ) | |
| **DAVID DION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby requests that the Court impose a sentence consistent with the Sentencing Guidelines, and specifically requests that the Court impose a sentence in the middle of the applicable guideline range followed by at least 15 years of supervised release, special assessments of $600, a $40,000 fine and additional special assessments (if not deemed indigent), restitution to the victims, and forfeiture of the devices used to commit the offense. The government respectfully submits that such a sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## FACTUAL BACKGROUND

On February 13, 2025, the defendant pled guilty, pursuant to a plea agreement, to a six-count information charging Distribution and Possession of Child Pornography, in violation of 18 U.S.C. § 2522A(a)(2)(A), (a)(2)(B), (b)(1), and (b)(2). *See* Dkt. 16 (Information); Dkt. 17 (Plea Agreement). The United States adopts the facts as set forth in the initial disclosure of the

Presentence Investigation Report dated April 24, 2025, prepared by the U.S. Probation Office. Dkt. 21 ("PSIR").

In pleading guilty, Dion admitted that between July 2, 2023, and February 24, 2024, he used his Samsung S23 cell phone to access the internet, and to distribute and attempt to distribute, images and videos depicting actual minors engaged in sexually explicit conduct, including images of prepubescent children. Specifically, Dion "communicated via an encrypted chat messenger, with Person-F to distribute images of child pornography and child erotica in exchange for Person-F sending to the defendant images of children, including sexually suggestive images of children or child erotica, from which the defendant derived sexual pleasure." Plea Agreement at 7. Dion sent messages and video files to Person-F that depicted unclothed eight-to-ten-year-old girls rubbing their genitals in a lewd and lascivious manner. *Id.*

In February 2024, investigators searched Dion's residence and found several devices that he used to download and store child pornography. Numerous images and videos identified are described in the plea agreement. *See* Plea Agreement at 8-13. The estimated total number of videos and images located on Dion's devices is as follows:

| Device | No. of Images/Videos Depicting Child Pornography |
|---|---|
| Samsung Galaxy S23 Ultra cell phone | 179 images and 181 videos |
| Samsung Galaxy S22 Ultra cell phone | 197 images and 3 videos |
| Seagate SRD0PV1 external hard drive | 59,119 images and videos |
| Seagate SRD0NF2 external hard drive | 1,793 images and 361 videos |
| Seagate SRD00F2 external hard drive | 78,283 images and videos |
| Seagate SRD00VN3 external hard drive | 67,657 images and videos |

On the Seagate SRD00F2 hard drive, the defendant possessed morphed images of child pornography that he produced by using non-pornographic images of known children and superimposing the faces of those children onto other images of child pornography that he found on the internet to create an adapted or modified depiction of an identifiable minor. *See* Plea Agreement at 10-12. Dion also surreptitiously photographed children and adults to use to create morphed images of child pornography. *See* PSIR at ¶ 25-27.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### I. Statutory Maximum and Mandatory Sentences

The defendant's conviction under Count 1 carries a statutory maximum term of 20 years of imprisonment, a mandatory minimum term of 5 years of imprisonment, and a maximum fine of $250,000. *See* 18 U.S.C. §§ 2522A(b)(1), 3571(b). Counts 2 to 6 also carry a maximum term of 20 years and a maximum fine of $250,000. 18 U.S.C. §§ 2522A(b)(2), 3571(b). The Court must impose a term of supervised release of not less than 5 years and up to life. *See* 18 U.S.C. § 3583(k). The defendant is ineligible for probation because it is expressly precluded by statute. 18 U.S.C. § 3561(a)(3).

A special assessment of $100 per count must be imposed under 18 U.S.C. § 3013. The defendant is subject to an additional special assessment of $5,000 under the Justice for Victims of Trafficking Act of 2015, and to mandatory restitution obligations under 18 U.S.C. § 2259(b)(2), (c)(3). PSIR ¶¶ 88-89.

### II. Guidelines Provisions

#### a. Offense Level

The United States generally agrees with the Guidelines computation in the PSIR, except for the specific offense characteristic under U.S.S.G. § 2G2.2(b)(3). PSIR ¶ 37-50. Under the

Guidelines, the base offense level is 22. PSIR ¶ 37. The following specific offense characteristics also apply and result in the following upward adjustments: (1) the material involved at least one image of a prepubescent minor who had not attained the age of 12 years, resulting in a 2-level increase; (2) the offense involved material that portrays sadistic or masochistic conduct or abuse of an infant or toddler, resulting in a 4-level increase; (3) the offense involved the use of a computer, resulting in a 2-level increase; and (4) the offense involved more than 600 images. PSIR ¶¶ 38, 40-42. As a result, the defendant receives 13-levels of upward adjustments.

The Government, however, disagrees with Probation that the defendant "knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E) of U.S.S.G. § 2G2.2(b)(3)." PSIR ¶ 39. Instead, the Government believes that the appropriate Guideline is actually U.S.S.G. § 2G2.2(b)(3)(B) because the defendant engaged in "distribution in exchange for valuable consideration but not for pecuniary gain." U.S.S.G. § 2G2.2 Application Note 1 defines "[t]he defendant distributed in exchange for any valuable consideration" as "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." Application of Section 2G2.2(b)(3)(B) requires the government to show the defendant: "(1) agreed—either explicitly or implicitly—to an exchange with another person under which (2) the defendant knowingly distributed child pornography to that other person (3) for the specific purpose of obtaining something of valuable consideration (4) from that same other person." *United States v. Darrah*, 132 F.4th 643, 649 (2d Cir. 2025) (citations omitted).

Here, the defendant admitted in paragraph 5 of the plea that he communicated with Person-F "to distribute images of child pornography and child erotica *in exchange for Person-F sending to the defendant images of children*, including sexually suggestive images of children or child erotica, from which the defendant derived sexual pleasure." Plea Agreement at 7. The chats show that Person-F and the defendant were engaged in sharing messages and photographs of children and that the defendant did this in order to receive photographs in return, and that there was at least an implicit agreement to do so. PSIR ¶¶ 24-27. That is sufficient to show that there was "valuable consideration but not for pecuniary gain." As a result, the Government believes that a 5-level, rather than a 2-level, enhancement applies under U.S.S.G. § 2G2.2(b)(3)(B).

The United States agrees with Probation that the defendant is entitled to a two-level downward adjustment of the offense level for acceptance of responsibility pursuant to USSG § 3E1.1(a). PSIR ¶ 48. The United States also hereby moves for an additional one-level downward adjustment pursuant to USSG § 3E1.1(b) to credit the defendant for timely notifying authorities of his intention to enter a plea of guilty. PSIR ¶ 49. Under the Government's revised calculation, the total offense level would be a level 37.

### b. Criminal History Category

The United States agrees with the PSIR's criminal history computation: the defendant's criminal history category is I based on a total criminal history score of zero. PSIR ¶ 55.

### c. Guidelines Ranges

If the Government's recommended enhancement is applied, with a criminal history category I, and a total offense level 37, the Guidelines advise that the defendant should receive 210 to 262 months of imprisonment; a term of supervised release between five years to life; and

5

a $40,000 to $400,000 fine. *See* U.S.S.G. § 5E1.2(c)(3). Otherwise, the defendant would face the guideline range outlined by Probation of 151 to 188 months in prison. PSIR ¶ 77.

<b>GOVERNMENT'S SENTENCING RECOMMENDATION</b>

The United States requests that the Court impose a sentence consistent with the Sentencing Guidelines and recommends a sentence in the middle of the applicable guideline range followed by at least 15 years of supervised release, $600 in special assessments, restitution to the victims, and forfeiture of the devices involved in the offense. Such a sentence would be sufficient and not greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a).

Having failed to submit the necessary certified personal financial statement or execute a release for a credit check, the defendant has not demonstrated an inability to pay a fine. PSIR ¶ 76. Assuming the defendant does not remedy these failures and demonstrate an inability to pay a fine prior to sentencing, the government requests that the Court also impose a low-end Guideline fine of $40,000.

### A. The Nature, Circumstances, and Seriousness of the Offense

The requested sentence should be imposed to reflect the nature and seriousness of the offense, which involves defendant's distribution of images via an encrypted chat, and the receipt and possession of more than 150,000 images of child pornography. As reflected in the various Guidelines enhancements applicable to this case, several aggravating factors suggest that the defendant's crimes merit a Guideline sentence.

*First*, there was a significant volume of images. The Guidelines only register cases when they exceed 600 images. Yet the defendant possessed more than 245,000 still image equivalents—an incredibly high total by any measure. PSIR ¶ 76. Indeed, one of his devices was encrypted so there may have been even more on there that law enforcement were not able to find.

PSIR ¶ 14 (noting encrypted laptop). He also possessed those images across six different devices, including two cellular telephones and four hard drives. *Id.*

*Second*, the child pornography possessed and received by the defendant in this case is particularly egregious because it includes images depicting prepubescent children and includes sadistic and masochistic conduct and sexual abuse of infants. Some the images contained depictions of infants, children in bondage, children wearing blindfolds, prepubescent children being vaginally and anally penetrated by adult penises, and minors with objects inserted into their vaginas and anuses, including a two to three-year-old female with an object being inserted into her anus. PSIR ¶ 40.

*Third*, Dion possessed numerous morphed images of child pornography in which he obtained innocent non-pornographic images of actual minor children that he knew, which he superimposed onto other images of child pornography. Those morphed victims' images were categorized and saved in separate folders and at least six of those minors have been identified by law enforcement. PSIR ¶¶ 17-23. He also secretly photographed children and adults, including taking pictures of a female nurse in a hospital while his daughter was there for surgery in January 2024, telling Person-F, "Ass everywhere of all ages and sizes. Wow. This one nurse…I'm working on a photo or 2 of possible." PSIR ¶ 26.

While the government does not have any evidence that the defendant had actual sexual contact with a minor, his potential proximity to minors and the potential for recidivism justifies the imposition of certain special conditions of supervision, as recommended by Probation, to limit the defendant's contact with minors, limiting his use of computers, that he should undergo a psychosexual evaluation, and that he should participate in additional mental health programs. PSIR at 27-28.

*Fourth*, Dion not only received and possessed images of child pornography, including images of infants, toddlers, and pre-pubescent children, but also distributed those images via private chats to Person-F. PSIR ¶¶ 24-27. If not for the CybterTip that led investigators to search and intervene on the defendant's conduct, he might have continued to distribute more images and exploit more children. All of these aggravating factors suggest that a Guideline sentence is warranted here.

## B. The History and Characteristics of the Defendant

The defendant's history and characteristics also suggest that a Guideline sentence would be appropriate. While this is the defendant's first offense, he has demonstrated poor impulse control and judgment, as well as at least one prior instance of an allegation of sexual abuse of a minor in 2020. PSIR ¶¶ 57. Moreover, Dion did not explicitly admit to a sexual attraction to younger children when asked by Probation, though this belies the offense conduct in this case, including the fact that he morphed images of pre-pubescent children onto child pornography. Dion eventually admitted he was embarrassed his attraction, but that history and characteristics nevertheless present a significant risk of recidivism and danger to the community.

The defendant also presents some significant risks of recidivism due to his mental health. Notably, his mental health issues, including his PTSD and depression, and potentially undiagnosed autism disorder, may present other risks. PSIR ¶¶ 66-70. The defendant continues to have difficulty admitting to and discussing his sexual attraction to children, which prevents Probation from adequately assessing his risk more accurately. PSIR ¶¶ 33-34, 70

Given these concerning risk factors and his mental health, a Guideline sentence is warranted along with an extended term of supervised release to promote the defendant's rehabilitation and protect the public from further crimes of the defendant.

### C. Respect for the Law, Just Punishment, and Deterrence

A Guideline sentence will also promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. 18 U.S.C. § 3553(a)(2). The requested sentence will serve as a general deterrent to prospective predators who produce and consume depictions of sexual exploitation of children on the internet. Only by discouraging the possession and receipt of images of child pornography can the illegal market for images depicting the sexual exploitation of children be truly deterred. The requested sentence will also serve as a specific deterrent to protect the public from the future crimes by the defendant, who has distributed, received, and possessed enormous quantities of child pornography and even created morphed images of children that he knew.

The government recognizes that the Guideline governing child pornography offenses, U.S.S.G § 2G2.2, has come under increased scrutiny in recent years. *See United States v. Jenkins*, 854 F.3d 181, 189 (2d Cir. 2017) (finding that "§ 2G2.2 yielded a sentence that derived substantially from 'outdated' enhancements related to Jenkins's collecting behavior" and that it was "substantively unreasonable for the district court to have applied the § 2G2.2 enhancements in a way that placed Jenkins at the top of the range with the very worst offenders where he did not belong"); *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010) (holding that the Guideline "is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires"). Even so, a Guideline prison sentence normally reflects the appropriate sentencing range established by the Sentencing Guidelines and avoids unwarranted sentencing disparities among defendants. Within-Guidelines sentences generally promote Congress's goal in enacting the Sentencing Reform Act: "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

According to the U.S. Sentencing Commission, in fiscal year 2023, of the 1,408 offenses involving child pornography, 33.7% were sentenced within the guideline range.[1] Those statistics confirm that "in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see Gall v. United States*, 552 U.S. 38, 46 (2007) (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

The Guidelines have been used by this Court in delivering similar sentences for distribution and receipt of child pornography offenses, including in the Northern District of New York. *See, e.g.*, *United States v. Wilson,* 1:23-cr-00032-BKS (N.D.N.Y., Jan. 19, 2024), ECF No. 41 (sentencing defendant to a within-guideline term of 300 months of imprisonment for offenses involving sexual exploitation of children); *United States v. Brisee*, 24-cr-229-MAD (N.D.N.Y. May 19, 2025), ECF No. 41 (sentencing defendant to 180 months for distribution, receipt, and possession of child pornography). Accordingly, a Guideline sentence is appropriate here.

### D.  Special Conditions for a Term of Supervised Release

The Court may order a defendant to follow special conditions of supervision that "it considers to be appropriate," as long as they (1) are "reasonably related" to specified factors set forth in § 3553(a)(1) & (a)(2); (2) involve "no greater deprivation of liberty than is reasonably necessary" to provide deterrence, protect the public, and provide needed training, medical care, or effective correctional treatment; and (3) are "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)." 18 U.S.C. § 3583(d).

---

[1] U.S. Sentencing Comm., *Quick Facts, Child Pornography Offenders*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Child_Pornography_FY23.pdf (last visited May 23, 202).

Probation has proposed thirteen special conditions to be imposed during the defendant's term of supervised release, including conditions regarding the defendant's contact with minors, and conditions limiting his use and possession of electronic devices and computers while participating in the Internet and Computer Management Program (ICMP). *See* PSIR at 30-31. The Government recommends that each of these conditions be imposed.

The special conditions that limit the defendant's contact with minors are reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the conditions to afford adequate deterrence, to protect the public, and to provide the defendant with rehabilitative treatment. The instant offense involved the defendant's use of the Dark web and "site rippers" to download significant amounts of child pornography, his surreptitious photography of adults and children, his creation of morphed images of children, and his distribution of those images and videos by encrypted chats. PSIR ¶¶ 11, 33-34. It is therefore reasonable to restrict the access of an individual like the defendant, with a demonstrated sexual interest in minors, to places like schools, playgrounds, and childcare facilities. *See United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2001) (district court "had justification to impose a condition of probation that prohibits the defendant from being at educational and recreational facilities where children congregate"). Such restrictions have routinely been upheld. *See, e.g.*, *United States v. Monnat*, 833 F. App'x 344, 345 (2d Cir. 2020).

The mental health and substance abuse conditions are also justified based on the defendant's documented mental health and substance abuse history. PSIR ¶¶ 66-71.

The Probation search condition is also justified based on his surreptitious and secretive photography and his lack of candor with Probation about his attraction to minors. PSIR ¶¶ 33-34, 70. *See United States v. Poole,* 133 F.4th 205 (2d Cir. 2025).

**RESERVATION OF RIGHTS**

If the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c) and 32(h). The United States requests that the Court provide the parties with any *ex parte* communications about sentencing, except for the United States Probation Office's confidential sentencing recommendations.

**CONCLUSION**

Given the nature of this offense, the history and characteristics of the defendant, and the need for the sentence imposed, including to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, to adequately deter criminal conduct, and to protect the public from future crimes by the defendant, the government requests that the Court impose a sentence consistent with the Sentencing Guidelines—specifically, a term of imprisonment in the middle of the applicable guideline range followed by 15 years of supervised release, special assessments of $600, restitution to the victims, a fine and additional special assessments (if not deemed indigent), and forfeiture of the devices used to commit the offense.

Respectfully submitted,

Dated: May 23, 2025

JOHN A. SARCONE III
United States Attorney

By: */s/ Alexander P. Wentworth-Ping*
Alexander P. Wentworth-Ping
Assistant United States Attorneys
Bar Roll No. 701897